IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE PHILLIPS,

      Plaintiffs,

vs.                                                     Civ. No. 07-807 BB/RHS

LARRY FRANCO, an Employee of the
New Mexico Corrections Dept. Probation
and Parole Division, Individually,

STEVE FARMER, an Employee of the
New Mexico Corrections Dept., Probation
and Parole Division, Individually,

DAVID GRIEGO, an Officer Employed
by the Farmington Police Dept., a Subsidiary
of the City of Farmington, Individually,

KENT O'DONNELL, an Officer Employed
by the Farmington Police Dept., a Subsidiary
of the City of Farmington, Individually, and

THE CITY OF FARMINGTON, a Municipality
Organized under the Laws of the State of
New Mexico,

      Defendants.

**FINDINGS OF FACT AND RECOMMENDED DISPOSITION
AS TO DEFENDANTS' JOINT MOTION TO DISMISS
AND/OR FOR SANCTIONS FOR FAILURE TO MAKE DISCOVERY
(DOCKET NO. 55)**

THIS MATTER comes before the undersigned on an Order of Reference (docket no. 66) directing that a recommendation be submitted to the trial court as to the ultimate disposition of Defendants' Joint Motion to Dismiss and/or for Sanctions for Failure to Make Discovery (docket

no. 55). The undersigned has now considered Defendants' Joint Motion to Dismiss and/or for Sanctions for Failure to Make Discovery (docket no. 55), Plaintiff's Response in Opposition (docket no. 61), and the Joint Reply to Plaintiff's Response to Motion to Dismiss (docket no. 62), as well as all of the arguments and authorities propounded by the respective parties and hereby submits the following findings of fact:

    1. It is not necessary, warranted, or required to conduct a hearing, including an evidentiary hearing, to perform the legal analysis required to submit a recommendation to the trial court as to the ultimate disposition of the instant motion.

    2. Defendants' Joint Motion to Dismiss and/or for Sanctions for Failure to Make Discovery is predicated on Plaintiff's failure to appear at her deposition on September 24, 2008. It is uncontested that counsel for the respective parties had agreed that Plaintiff's deposition be held in Albuquerque, New Mexico, on September 24, 2008, at 9:30 a.m.

    3. Defendants sent a notice to take the deposition of Jamie Phillips by facsimile on September 19, 2008.

    4. As best as the undersigned can ascertain from the submittals, Ms. Phillips was aware that her deposition would be taken but believed that it was scheduled for September 25, 2008, and as a result she did not appear nor notify her attorney as to any reason for non-appearance.

    5. As a result of Plaintiff's failure to appear at her deposition, Defendants spent time in preparing for the deposition which did not occur, spent time waiting for Plaintiff to appear at her deposition, and incurred the Court Reporter's appearance fee.

    6. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (docket no. 61) contains a long litany of excuses and allegations of blame regarding the relief Defendants are

seeking in the Joint Motion to Dismiss and/or for Sanctions. All that would have been necessary is a statement from Plaintiff's counsel that the Plaintiff erroneously miscalendared the date for her deposition and did not willfully or maliciously fail or refuse to appear as noticed.

      7. A trial date has not been set in this case.

      8. The date for the filing of pretrial motions is November 3, 2008, and the Pretrial Order is to be submitted in January, 2009.

      9. Plaintiff's failure to appear for her deposition on September 24, 2008 at 9:30 a.m. does not appear to be willful but is rather the result of miscommunication between her attorney(s).

      10. Plaintiff should be required to reimburse Defendants for the Court Reporter's appearance fee.

      **WHEREFORE**, it is therefore respectfully submitted that the trial court grant and deny Defendants' Joint Motion to Dismiss and/or for Sanction for Failure to Make Discovery (docket no. 55) as follows:

      A. The motion should be denied to the extent that it seeks an order dismissing this lawsuit for Plaintiff's failure to appear for her deposition without explanation.

      B. The motion should be granted to the extent that Plaintiff reimburse Defendants for the Court Reporter's appearance fee on September 24, 2008 and that such reimbursement be completed in full on or before <u>December 1, 2008</u>.

      C. The Court should reserve jurisdiction to impose further sanctions in the event Plaintiff fails or refuses to appear for her deposition at a future date as recommended herein.

D.  Counsel for Plaintiff shall provide counsel for Defendants, in writing, three proposed dates for the taking of Plaintiff's deposition.  Plaintiff's deposition must be taken on or before December 5, 2008.  Within two calendar days of receiving the proposed three dates for the taking of Plaintiff's deposition, counsel for Defendants shall select one of the three deposition dates and immediately notify counsel for Plaintiff of this selection in writing.  No further notice of deposition shall be required.

E.  The date for the filing of dispositive pretrial motions should be extended until January 16, 2009, and Plaintiff's portion of the Pretrial Order should be submitted on or before February 6, 2009, with Defendants' portion of the Pretrial Order due on or before February 20, 2009.

F.  Except as provided herein, all other scheduling dates remain in force and in effect.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE