IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMIE PHILLIPS,

    Plaintiff,

vs.                                             Civ. No. 07-807 BB/RHS

LARRY FRANCO, et al.,

    Defendants.

## ORDER DENYING MOTION TO QUASH SUBPOENA

**THIS MATTER** comes before the Court on Plaintiff's Motion to Quash Subpoena [docket no. 92]. All discovery in the above-captioned cause is closed. Defendants have caused a subpoena to be issued by the United States District Court for the Central District of California, Eastern Division, requiring a witness, Mr. Joe Peterson, to appear for a deposition to preserve his testimony at trial. Mr. Peterson apparently does not object to giving his oral deposition in Sun City, California and has not sought protection from the subpoena. Plaintiff objects, arguing that Defendants have not shown any good cause for extending the discovery deadline. Mr. Peterson has been disclosed as a witness by both Plaintiff and Defendants since the entry of the Joint Status Report and Provisional Discovery Plan (docket no. 33) on April 7, 2008. Defendants now wish to preserve Mr. Peterson's testimony for the use at trial on the merits because Mr. Peterson is unavailable for trial. Defendants have complied with the provisions of Rule 45(a)(2)(B) of the Federal Rules of Civil Procedure which provides that for attendance of a deposition a subpoena shall be issued from the Court for the district where the deposition is to be taken. As such,

Plaintiff's instant motion to quash subpoena should have been directed to the United States District Court for the District of California, Eastern Division.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoena [docket no. 92] is hereby denied as follows:

1. This Court respectfully declines to quash the subject subpoena.

2. In the event counsel for Plaintiff is unable or unwilling to personally attend the deposition of Mr. Peterson in Sun City, California, Defendants shall make arrangements at their exclusive expense to allow counsel for Plaintiff to participate in the deposition telephonically.

3. Nothing contained herein is to be construed as a ruling that the trial court will or will not allow the testimony of Mr. Peterson at the time of trial on the merits by deposition. That decision shall remain in the sole province of the trial court.

4. The Court reserves jurisdiction to assess attorney's fees and costs for the bringing of this motion and the taking of the deposition at a future date as may be appropriate under the circumstances.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE